LAND, J.
In 1898 the plaintiff company made a contract with the city of New Orleans *641 for paving the street in front of defendant’s property. The work was completed and accepted, and on May 8, 1899, a paving certificate for $433.65 was issued by the proper authorities in favor of the paving company.
In the year 1904 plaintiff instituted suit in the civil district court of the parish of Orleans against the defendant, to recover the full amount of said certificate, with interest, and to enforce its lien, privilege, and pledge on her property.
Among the defenses set up was that plaintiff had compromised with certain abutting owners on Camp street, receiving less than the amount assessed against them, and had not offered a similar reduction to the respondent, contrary to the provisions of section 19 of Act No. 45, p. 80, of 1896; the same being the charter of the city of New Orleans.
It appears that the plaintiff company had held a paving certificate against Leon Joubert, on the same contract, issued May 8, 1899, on which was paid $492.45 on June 29, 1889, leaving a balance of about $100 still due. On December 4, 1903, the plaintiff company accepted $75 in full settlement of the certificate, which at the time called for $92, with 6 per cent, interest from May 8, 1899. No similar offer of compromise was made to the defendant, who denied all liability, and refused to pay anything. It is to be noted that the defendant never had made any payment on this paving claim, and in her answer sets up the unconstitutionality and invalidity of the law and ordinance under which the paving contract was made.
There was judgment in favor of the defendant, and the plaintiff appealed to the Court of Appeal, which affirmed the judgment, on the ground that the compromise settlement with Joubert was a complete defense, under the terms of section 119 of Act No. 45, p. 80, of 1896.
This section appears under the title of “Public Improvements” in the city charter of 1896, and must be construed with reference to other sections on the same subject-matter. In the matter of paving streets, the initiative is left with the abutting property owners, one-fourth of whom must concur, and their will prevails, unless seasonable objection be made by a majority of the abutting owners concerned. Sections 97 and 98. Sections 102 and 104, however, confer on the city council discretionary power, under certain conditions, to provide for the paving of any street or portion thereof at the expense of the whole city, or partly at the expense of the abutting owners. Section 116 provides that all contracts for public works shall be let out at public auction to the lowest bidder who can furnish satisfactory security. Section 119 reads as follows.
“No person or corporation engaged in doing any street or banquette paving, or other public work, under any contract, agreement or stipulation with the city of New Orleans, or any department thereof the cost, price or consideration of which is to be wholly or partially paid by local assessment on any property holder or front proprietor, shall make, allow or give or promise, or agree to make, allow, or give any rebate, deduction, gift or present, or any other valuable consideration whereby the actual sum due by said property holder, as his proportion, shall be in any way reduced or diminished, unless the same deduction shall be made to all persons liable for any part of such assessment, and to the city of New Orleans; any proof of any such discrimination against the city, or any siich person liable to the assessment, shall be a complete and valid defense as against such persons or corporations, heirs or assigns, doing such work, in any suit or action brought to enforce the same, or in any suit or action to recover the value of said work either against the city or any property holder thus discriminated against.”
There is no evidence whatever that the plaintiff corporation made, allowed, gave, or promised, or agreed to make, allow, or give, Joubert any rebate or deduction on the assessment due by him. The certificate issued for the full amount, and a large cash payment was made thereon. More than four years thereafter we find the certificate in the hands of an attorney for collection of the small balance due, amounting to $92 of prin *643 cipal. Plaintiff, through his attorney, consented to accept $75 in full settlement, thus remitting $17 of the original claim of $602.50. The paving work was let in September, 1898, and was completed and accepted prior to May, 1899. The settlement referred to above was effected on December 4, 1903, and there is no evidence that it was made pursuant to any prior agreement or understanding between the parties. The transaction was on its face a compromise or remission to avoid a litigation over a small amount Section 119 in its terms applies to persons and corporations “engaged in doing any street or banquette paving or other public work,” and prohibits them from allowing or agreeing to allow any reduction or rebate whereby the actual sum due by any property holder may be in anyway reduced or diminished. The section reprobates any discrimination against other property holders or the city of New Orleans.
The object of the law is to prevent property holders from being unduly influenced in favor of contractors engaged in public works. As already stated, the question of paving streets is largely left to the initiative and decision of the property holders, and, even where the city council is permitted to act independently, a majority of the property holders have the right to designate the particular kind of banquette or pavement and material to be used. Section 104.
Under such conditions, the law very properly considers the allowance of rebate as a bribe intended to influence the action of the favored property holder; but, where the work has been completed according to the contract and duly accepted, and there has been no allowance or promise of allowance of rebate to any abutting owner, the reason and operation of the law ceases. If the contractor has complied with his contract according to law, and has fairly earned the price stipulated, he has a vested right therein, .of which he cannot be deprived. There is nothing in the letter, reason, or spirit of section 119, or in public policy, or in good morals, which prohibits a paving contractor, acting in good faith, from compromising with one of his debtors or remitting a portion of his demand more than four years after the completion and acceptance of the work. Was the remission of $17 on a debt of over $600 a rebate, in the sense of section 119? There is no evidence tending to support any such inference. The circumstances point to the contrary conclusion. Pour years and more had passed since the issuance of the certificate. Most of the debt had been paid, and the certificate was in the hands of an attorney for collection of the small balance due thereon. All of this balance was paid except $17, and the debtor was given a full acquittance. The facts show a remission of $17 in the settlement of December 4, 1903, and nothing more. How can we assume, without any evidence whatever, that the contractor had in 1898 or 1899 agreed or promised to allow Joubert a rebate of $17 on a paving debt of $600? Without this assumption, how or wherein has the prohibition of section 119 been violated? How could Joubert’s actions in 1898 have been influenced by the remission in December, 1903? It is conceded that the prohibition of rebates in the nature of a discrimination was intended to prevent any undue influence on property owners interested in the work of paving. In the nature of things, this undue influence cannot be exerted long after the completion and acceptance of the work by a trivial remission of a part of the debt.
There is no equity in the defense, and forfeitures are not favored in the law. Penal statutes aiust be strictly construed.
It is therefore ordered that the judgment of the Court of Appeal and of the district court herein rendered be reversed, and it is now ordered that the plaintiff, the. Ayers Asphalt Paving Company, do have and recover *645 of the defendant, Mrs. L. P. Hill, the sum of $433.65, with interest thereon at the rate of 6 per cent, per annum from May 8, 1899, until paid, and costs in all courts; and it is further ordered that plaintiff’s lien and privilege and right of pledge as claimed be recognized and enforced according to law on the property described in the paving certificate No. 32, of date May 8, 1899, sued on and annexed to plaintiff’s original petition, to pay and satisfy this judgment, principal, interest, and costs.