PRO VO STY, J.
The judgment of the ■'Court of Appeal in this ease reads as follows:
“This is a suit upon a street paving certificate issued against the property for paving, under the provisions of Act No. 73, of 1876, as .amended by Acts No. 119 of 1886 and No. 142 .of 1894. There having elapsed more than 10 .years since the certificate of completion had been recorded in the mortgage office, the following defenses are urged and will be considered seriatim:
[1] “I. It is claimed that plaintiff’s rights .have prescribed by the lapse of 10 years, under •the provision of R. C. C. art. 3544.
“Section 3 of the Act of 1876 provides that ■the cost of paving shall constitute a real charge against the property which shall he deemed pledged for the payment thereof, and that ‘the said cost * * * shall constitute a lien and privilege upon the said abutting property till paid, and that it shall be sufficient to record the certificate of assessment or performance of the city surveyor in the office of the recorder of mortgages within sixty days after its issuance.’
“In Davidson v. Lindop, 36 La. Ann. 765, and in numerous other cases, the Supreme Court declared that city taxes and the lien securing same were imprescriptible, basing this conclusion upon the fact that the taxing statute (section 20 of Act No. 7 of the Extra Session of 1870) declared that the tax should constitute a lien and privilege upon the property which ‘shall exist until the same shall be fully paid.’
“In view of this marked similarity between the language implied in the paving act of 1S76 and the taxing act of 1870, it is impossible, to escape the conclusion that the claim and privilege in favor of the paving contractor are imprescriptible under the statute aforesaid. See Moody v. Sewerage & Water Board, 117 La. 366, 41 South. 649. Moreover, R. C. C. art. 3544, has no application, for its provisions expressly refer to the prescription applicable to personal actions, while paving claims are strictly claims in rem.
[2] “II. It is further claimed that plaintiff’s lien and privilege or right of pledge has preempted for failure to have the evidence thereof reinscribed within 10 years. The question whether or not such reinscription was required in order to preserve the lien and privilege securing the payment of city taxes levied under authority of the act of 1870, aforesaid, was directly construed in a very able opinion by the late Judge Farlange, in the case of Gulf States Land Company v. Parker (C. C.) 60 Fed. 974, and it was held that the language of the act, to the effect that the lien and privilege ‘shall exist until the same shall be duly paid,’ expressly dispenses with the necessity of reinscription.
“The provisions of the paving act of 1876 are even stronger than the taxing act in this respect, for it provides not only that the lien shall exist until paid, but declares that all that is required to be done by the contractor is to record a certificate in due season. Assessment matters are not sui 'generis, as held in Moody v. Sewerage and Water Board, supra; and the court is of the opinion that the language of the act of 1876 was intended to relieve the contractor of the necessity of reinscribing his claim and to withdraw such claims from the general rule prescribed by R. C. C. art. 3369, with respect to reinscription.
[3] “III. The attack on the ordinance upon which the paving claim is based, on the grounds of irregularities in the enactment thereof, and its variance with the terms proposed in the petition of the property holders, cannot be considered, for these are objections which should have been urged prior to the performance of the work. Rosetta Gravel & Improvement Company v. Ivy, No. 2,295, Court of Appeal.
*791 [4] “The further defense that the right to enforce the paving claim has been forfeited because rebates to certain property holders were granted in violation of section 119 of Act No. 45 of 1896 (City Charter) is not well founded. But it does not appear that these discounts were made pursuant to any previous understanding that might have unduly influenced those interested in the work, and in fact the record discloses that they were made for such amounts and under such circumstances as would bring them strictly within the principle announced in the case of Ayers Asphalt Company v. Hill, 118 La. 640, 43 South. 262.
“As to the complaint that the subpoena duces tecum against the plaintiff to produce certain books and papers should have been taken for confessed, it is sufiicient to state that plaintiff, in answer to the subpoena, made a full disclosure and apparently produced all data in its possession,
“The judgment of the lower court was in favor of the plaintiff, and, finding no error therein, the said judgment is accordingly affirmed.”
We find no error in this judgment. It is therefore affirmed, at the cost of the relator.