ROGERS, Justice.
 

 The record in this case discloses that on November 5, 1925, the Industrial Homestead Association sold to Frederick C. Schramm a certain piece of real estate situated in the city of New Orleans. The consideration for the sale was $37,000, payable on terms, which was secured by the usual building association mortgage and vendor’s lien. On May 14,1930, Schramm sold the property to the Acme Blow
 
 *478
 
 Pipe & Sheet Metal Works, Inc., a corporation in which he owns the controlling interest. The new vendee, as part of the consideration for the sale, assumed the mortgage and vendor’s lien previously granted by Schramm to his vendor, the Industrial Homestead Association.
 

 On January 80, 1934, the Industrial Homestead Association proceeded via executiva to foreclose its mortgage and vendor’s lien against Schramm. The mortgage indebtedness at that time was $35,397.23, plus interest and attorney’s fees. As the act of mortgage contained the pact de non alienando, Schramm’s vendee, the Acme Blow Pipe & Sheet Metal Works, Inc., was not made a party to the proceeding. The order for executory process issued and no appeal was taken therefrom.
 

 On March 8, 1934, the Acme Blow Pipe & Sheet Metal Works, Inc., intervened in the proceeding, and asked for a preliminary injunction against the sale under the writ. The Industrial Homestead Association excepted to the intervention as disclosing no right or cause of action. The exception was sustained by the district court on the trial of the rule nisi, and the preliminary injunction was. denied.
 

 The petition of intervention is quite lengthy and contains much irrelevant and immaterial matter. We gather from our reading of its somewhat confused recitals that the gravamen of intervener’s complaint is that the transaction with Schramm was invalid, because the loan was made on commercial property and that the vice president of the Industrial Homestead Association signed the act of sale without being authorized to do so by the board of directors of the vendor association.
 

 In the act of sale from the association to Schramm, a certified copy of which is filed in this proceeding, it is expressly recited that its vice president was duly authorized to sign by a resolution of its board of directors, as will appear by the certified copy thereof annexed to and made part of the act.'
 

 The Industrial Homestead Association loaned its money to Schramm and its vice president, duly authorized, signed the act making the sale and securing the loan. Schramm conveyed the property to the intervener, which agreed to repay the loan and to assume the mortgage. The homestead association has not been repaid its loan and it is clearly entitled to such repayment or to enforce its mortgage and lien securing the loan. Obviously, Schramm, the borrower and original mortgagor, would not be heard to contest the validity of his transaction with the homestead association on the grounds set up by the intervener. And the intervener as his vendee and the assumer of the loan and mortgage is in no better position to do so than he would be.
 

 It is well settled that the purchaser of mortgaged property with the, pact de non alienando occupies no better position than the mortgagor, and cannot set up defenses which the latter could not. Bass v. Biggs, 167 La. 126, 118 So. 861.
 

 For the reasons assigned, the judgment appealed from is affirmed at the appellant’s costs.