181 So. 801

**LIBERTY HOMESTEAD v. PASQUA.**

No. 34575.

May 2, 1938.

Rehearing Denied May 30, 1938.

Charles J. Rivet and Louis H. Yarrut, both of New Orleans, for appellant.

Peter G. Charbonnet, Jr., and Hubert M. Ansley, both of New Orleans, for appellee.

ODOM, Justice.

Plaintiff is a building and loan association, organized under the laws of this state. On July 5, 1928, it advanced to defendant $8,500 and took his note for that sum, payable on demand, secured by vendor's lien and special mortgage on certain real estate. On July 25, 1935, plaintiff, alleging that defendant had defaulted on his payments, sought to foreclose its mortgage by executory process. The usual order of seizure and sale was granted; the property was seized and advertised for sale.

Whereupon defendant brought suit to enjoin the proposed sale on the ground that the note had prescribed. Preliminary writs of injunction were granted. The homestead association moved to dissolve the writs of injunction. The motion to dissolve was tried on its merits, evidence was introduced, and the motion was overruled. There was judgment perpetually enjoining the homestead association and the sheriff "from selling or attempting to sell at public auction under foreclosure proceedings or otherwise the property of John Pasqua, fully described in the proceedings herein," and further "vacating, cancelling and annulling the executory process and foreclosure proceedings issued herein," and that "the mortgage and vendor's lien note dated July 5th, 1928 given by John Pasqua in payment of the purchase price of the property described in said foreclosure proceedings and in the petition for injunction be now decreed to be prescribed."

It was further ordered that the vendor's lien and special mortgage referred to be

cancelled and erased from the mortgage records of the parish.

The homestead association being in process of liquidation, J. S. Brock, state bank commissioner, and his special agent, W. E. Wood, were substituted as parties. They appealed from the judgment rendered by the district court.

The sole question presented is whether the note for $8,500, dated July 5, 1928, and made payable on demand, was prescribed when the foreclosure proceeding was brought in July, 1935.

The original transaction between the homestead association and John Pasqua was carried out in strict conformity with the statutory provisions relating to the organization of such corporations and the conduct of their affairs and with the by-laws, rules and regulations of the association. Pasqua sold the property to the association, and the association in turn sold it back to him, the price specified being $8,500, which was the amount of the loan. John Pasqua gave his note for the amount, the note being secured by vendor's lien and special mortgage on the property sold. The note was payable on demand, and counsel for Pasqua argue that prescription began to run on the date of the note and that, in as much as more than five years elapsed between the date of the note and the date on which the foreclosure proceeding was instituted, the note was prescribed.

There is no merit in this contention. In connection with, and as part of, the transaction, John Pasqua subscribed for, and there were issued to him and in his name

on the books of the company, 170 loan shares of the capital stock of the homestead association, represented by one stock certificate, No. 2696. The act of sale and mortgage recites that "in order still further to secure all of the said indebtedness the said purchaser does by these presents, give in pledge to said Homestead all installments now paid and to be paid on 170 loan shares of the capital stock of said Homestead in Purchaser's name, on the books of the company, and represented by certificate No. 2696 which is delivered to said President who hereby acknowledges receipt and delivery of the same; and the said pledge is hereby made under all the terms and provisions of said above mentioned Charter and By-Laws".

At the trial of the case this stock certificate was offered in evidence by the homestead association, and it was shown that it was physically delivered to the president of the association at the time the transaction took place and that it was held in pledge as security for the debt continuously from that time to the date on which the foreclosure proceeding was instituted.

Counsel for John Pasqua say in their brief:

"The contract between John Pasqua and the Homestead was a dual one. That dual relation is one of borrower and subscriber to stock, each of which is distinct from the other."

Counsel cite several cases as well as text authorities in support of this proposition. We have not found it necessary to examine them, and express no view touching the

point. But, assuming that counsel were correct in their statement that Pasqua's relation to the homestead association was a dual one in that he became a borrower and a debtor to the association and at the same time a subscriber for capital stock of the association, it is perfectly clear that, under the testimony, adduced at the trial, the vendor's lien note has not prescribed. The stock certificate which was issued to Pasqua and on which he made regular and numerous payments from July 5, 1928, on down to the year 1933 was pledged as security for the debt, and with his consent remained so pledged until the date of the foreclosure proceeding.

The jurisprudence is settled that "Prescription does not run against a debt secured by a pledge, as long as the creditor has possession of the pledge. Detention of it is a constant recognition of the debt and renunciation of prescription, which prevents prescription from beginning to run". Citizens' Bank of Louisiana v. Henry M. Hyams et als., 42 La.Ann. 729, 7 So. 700; Farmers' Loan & Mortgage Co., Inc., v. Langley, 166 La. 251, 117 So. 137, and numerous cases cited therein.

The note is not prescribed. In view of the facts disclosed, other reasons might be assigned for so holding, but it is not necessary.

For the reasons assigned, the judgment appealed from is reversed and set aside; the motion to dissolve the injunction is sustained, and it is now ordered that the executory proceedings instituted by the Liberty Homestead Association be reinstated and proceeded with according to law,

John Pasqua to pay all costs of the injunction proceeding and the costs of this appeal.

O'NIELL, C. J., does not take part.