### FOSTER & GLASSELL CORPORATION v. RACHAL.

#### No. 5948.

Court of Appeal of Louisiana.
Second Circuit.

June 28, 1939.

Rehearing Denied July 17, 1939.

J. D. Rusca, of Natchitoches, for appellant.

R. E. Gahagan, of Natchitoches, for appellee.

TALIAFERRO, Judge.

Plaintiff, alleging itself to be the holder and owner for value of defendant's mortgage note for $1,009.76, dated January 21, 1932, maturing October 1 after date, sought to enforce payment thereof by foreclosure via ordinaria.

In obedience to an order of the court, rendered on defendant's motion, plaintiff alleged that said note was acquired by it under authentic act of sale from the bankrupt estate of Foster & Glassell Company, Inc. This instrument was produced and filed in obedience to a prayer for oyer thereof.

Defendant admits execution of the note and the mortgage given to secure its payment, and its non-payment. She denies that any consideration was or has been received by her for the note, but avers that the same was "given by her to secure two plain notes held by Foster & Glassell Company, Inc., of her husband, W. R. Rachal, * * * totaling the sum of $1,009.76, and that the said notes have long since prescribed", regardless of whom may be their owner. She also denies that plaintiff is the owner of the notes her own was pledged to secure, and, for this reason, may not sue to enforce payment of the collateral obligation. She pleads prescription of five years against enforcement of said open notes.

Plaintiff's demand was rejected and its suit dismissed, therefore, this appeal by it.

The plea of prescription evidently has been abandoned, as it is not mentioned nor referred to in brief filed on behalf of defendant. In view of the conclusions reached by us on the only seriously urged issue, this plea ceases to be of any importance. The same may be said of the defense of lack of consideration.

Foster & Glassell Company, Inc., was adjudged a bankrupt in the year 1933, and on November 17th of that year the bankrupt court authorized the trustee to adjudicate at private sale, all of the property and assets of the bankrupt's estate on prescribed terms and conditions.

Plaintiff, we infer from the record, was organized primarily to acquire the bankrupt's assets and did so. In the trustee's deed to it many tracts of real estate and a lot of personal property are described. The personal property includes, inter alia, the

following, to-wit: "Bills receivable; accounts receivable * * * and the interest of the bankrupt in collateral held for notes, accounts, etc." For a complete description of all of said personal properties, reference is made to the petition by the trustee for a sale of the property, with exhibits thereto attached, etc.

Defendant introduced in evidence a certain copy of this referred to instrument, but it was omitted from the record filed here.

Plaintiff contends that the note sued on was delivered to it to settle Rachal's two open notes, which, it asserts, were delivered to Rachal contemporaneously with delivery to it of the mortgage note. Defendant challenges the correctness of this position and alleges that her mortgage note was executed for the purpose and was delivered to plaintiff only as collateral security to her husband's open notes. Neither contention is entirely correct.

It appears that Rachal's notes were executed in 1930, at which time he was a customer of Foster & Glassell Company, Inc. Whether these notes were given to liquidate a pre-existing indebtedness or to procure advances during the year, the record does not definitely disclose. We incline to the belief that they were given for the latter purpose.

On September 18, 1931, Foster & Glassell Company, Inc., by W. E. Brock, Secretary-Treasurer, wrote Rachal, reminding him that the notes were brought over from 1930, were past due and insisted that he ship them some cotton to apply against the indebtedness. This letter, though received, produced no favorable results. ·

On January 1, 1932, Foster & Glassell Company, Inc. again wrote Rachal about the· notes' condition, and therein said: "I am instructed by my board that unless *your account* is put in a satisfactory shape within the next seven days, to file suit against you." This letter appears to have motived the execution and delivery of the note sued on.

Mr. Brock was intimately connected with the business affairs of Foster & Glassell Company, Inc., in various capacities for several years before it surrendered in bankruptcy, and was also associated with the trustee during the period of bankruptcy. His recollection of the facts and circumstances leading up to defendant's giving his firm the mortgage note in question, is quite vivid. He is positive that the mortgage note was delivered by defendant and accepted by his firm to pay off and settle Rachal's past due paper; that these two notes were then and there delivered by him personally to Rachal, and, necessarily, thereafter ceased to be a company asset.

O. F. Himel, Secretary-Treasurer of plaintiff corporation, was in the service of the former company a few months prior to its becoming a bankrupt. He testified that he found in the old company's files, the mortgage note in question, but found no notes therein of Rachal. He had no knowledge whatever concerning the Rachal notes.

Rachal testified that his wife's mortgage note was executed and delivered solely to serve as collateral security for the account he was due and owing to Foster & Glassell Company, Inc. He is positive that his own notes were not surrendered to him when the mortgage note was delivered, nor since.

Defendant did not testify.

■ The weight of the testimony of these three witnesses preponderates in favor of the contention that the mortgage note was delivered to and accepted by Foster & Glassell Company, Inc., to replace or extinguish the Rachal notes. This conclusion is made, however, subject to the qualification carried in what we shall hereinafter say on the subject.

After the trustee's sale, plaintiff mailed to Rachal several statements, some of which were accompanied by letters wherein the amount due by him is referred to as "an open account", "your old account" and "your account". The account, as is reflected from these statements, consisted of charges of $1,095.40 and $25.32. On one of the statements it is said that collateral was held against the $1,095.40 account.

Defendant argues that these letters and statements unquestionably establish that the mortgage note was carried as collateral to her husband's indebtedness; that is, to his two open notes and not as a primary liability. We think Rachal's own testimony dispels all doubt and uncertainty in this connection. He says:

"Q. What is your connection in this case? A. My connection is—

"Q. With respect to this note? A. That was given, I can testify at the time it was given, *my wife gave this note to secure as collateral my account with Foster & Glassell Incorporated that held my notes that*

586

*had been charged back to my ledger account,* and in the mean time Foster & Glassell Company, Inc., filed petition in bankruptcy—

"Q. What was the note given for? A. It was given for my account, the note was given to settle my account, and was charged back on the account."

From this testimony it appears clear that Rachal's two notes, some time after falling due, were charged back to his ledger account. This produced a balance due by him of $1,095.40, which probably includes some interest, and that his wife gave the mortgage note to secure payment of the balance thus established.

After the book entry was made, Foster & Glassell Company, Inc., continued to hold Rachal's open notes for what they were worth, or, perhaps, as collateral to the account. These were surrendered when the mortgage note was delivered and thereafter this note was carried as collateral to the account.

Defendant's counsel in brief says that neither the mortgage note nor the Rachal notes was listed in the exhibits annexed to the trustee's petition asking for sale of the bankrupt's assets (omitted from the record). This is not surprising. The Rachal notes had been surrendered to him and the mortgage note was carried only as collateral to the account. The account was doubtless listed as an asset of the bankrupt. The trustee's deed conveys all bills receivable with bankrupt's interest in the collateral pledged to secure same.

The sale of a primary obligation superinduces a transfer of all accessory rights thereto, and the pledge designed to secure its ultimate payment. Civil Code, Art. 2645.

The judgment appealed from is erroneous and will have to be reversed.

For the reasons herein assigned, said judgment is hereby annulled, avoided and reversed, and it is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, Foster & Glassell Corporation, and against defendant, Mrs. Anna Rachal, wife of W. R. Rachal, for One Thousand and Nine and 76/100 ($1,009.76) Dollars, together with eight per centum per annum interest thereon from January 21, 1932, until paid, and for ten per centum additional of said principal and interest as attorney's fee herein, and costs.

Plaintiff's mortgage and mortgage rights, described in the copy of act of mortgage and hypothecation attached to its petition, are hereby recognized and rendered executory upon the tract of land described therein; and said property is hereby ordered seized and sold according to law, and from the proceeds of sale, that plaintiff be paid by preference and priority the amount of this judgment.