sequently it was admissible. State v. Guillory, supra.

The objection embodied in bill of exceptions No. 5 is levelled at the ruling of the trial judge permitting Mrs. Broussard to identify as the property of the defendant the knife with which the deceased was stabbed. The defendant, testifying in his own behalf, admitted the knife was his, and his counsel concede their objection is a very technical one, being raised more as to the time when the testimony was elicited than to the testimony itself. It is their contention that when Mrs. Broussard was questioned in this respect no foundation had been laid for the identification of the knife and no evidence had been introduced to connect the defendant with the slaying of the deceased.

"The Supreme Court need not inquire into the admissibility of evidence of a fact admitted by accused, for, whether such evidence has been rightly or wrongly admitted, he could have suffered no injury." Vol. 2, Marr's Criminal Jurisprudence of Louisiana, 909.

The bill reserved when the trial judge overruled the defendant's motion for a new trial, which motion was based on the alleged errors just disposed of and the usual additional allegation that the verdict is contrary to the law and the evidence, presents nothing further for our consideration.

For the reasons assigned, the conviction and sentence appealed from are affirmed.

ODOM, J., absent.

13 So.2d 223

FERGUSON v. HAYES' HEIRS.

No. 35867.

March 8, 1943.

Noble M. Chambers and Howard E. Bruner, both of Crowley, for appellant.

Pugh, Buatt & Pugh, of Crowley, for appellees.

HAMITER, Justice.

Mrs. Evie Bruner Hayes died intestate in February, 1936. Surviving her were a husband, Luther B. Hayes, and numerous collateral relations, but no ascendants or descendants.

On March 18, 1938, on the petition of the husband, the succession of such decedent was opened; however, before an inventory was taken Luther B. Hayes died.

Subsequently, Howard E. Bruner, one of the collateral heirs, petitioned the court asking that a commission issue to a notary public authorizing the making of an inventory, descriptive and estimative, of all the property left by Mrs. Hayes. This request was granted; and there was inventoried, as belonging to her, an undivided one-half interest in certain described immovable and movable property, including 17 shares of stock of the value of $2,210 of the Crowley Building & Loan Association of Crowley, Louisiana.

Thereafter, Howard E. Bruner obtained, by appropriate pleading, the issuance of a rule directed to the collateral heirs of Mrs. Hayes, ordering them to show cause why the inventory should not be approved and homologated and why the property listed should not "be declared community property belonging to the community which existed between the late Mrs. Evie Bruner Hayes and her husband, Luther B. Hayes". Joining in the proceedings on the return day of the rule, by a motion made in open court, was the administrator of the estate of Luther B. Hayes, deceased.

The collateral heirs, answering, admitted that all items of property listed on the inventory, except the shares of stock in the Crowley Building & Loan Association, belonged to the community formerly existing between the husband and wife. As to the stock, however, they averred that it, under the provisions of Section 34 of Act 140 of 1932, formed a part of the separate and paraphernal estate of decedent, Mrs. Evie Bruner Hayes, and is inherited by them; and they specially pleaded the prescription of ninety days so provided in that section.

Countering, plaintiffs in rule attacked the constitutionality of Act 140 of 1932, particularly Section 34 thereof.

The district court declared the statute to be constitutional and maintained the plea of prescription of ninety days. Further, it decreed that the shares of stock belonged to the separate and paraphernal estate of Mrs. Evie Bruner Hayes and must be distributed among her collateral heirs according to law; and it ordered that the filed inventory be amended so as to show such ownership, and that, as amended, it be approved and homologated.

Plaintiffs in rule are appealing.

The Building & Loan Association stock, which is the only property in contest herein, was purchased by Mrs. Hayes some years prior to 1932; and it stood registered in her name as owner continuously from the date of acquisition until after her death in 1936. During that period of time no one instituted suit questioning her complete and separate ownership of it or asserting any adverse claim thereto.

While it was so held and owned, there was passed by the Louisiana Legislature

Act 140 of 1932, the statute herein assailed by appellants as being unconstitutional. The title, in so far as is pertinent to this controversy, reads:

" 'An Act codifying the statutes of this State in respect to all homestead and building and loan associations; * * * providing for the organization, administration, control and supervision of said associations; * * * providing that shares in the name of a married woman shall belong to her as her separate property and fixing a period of prescription to set at rest all adverse claims to shares in such associations in the name of any married woman or widow; * * *.' "

Section 34 of the statute provides:

"Married women may subscribe for, own, hold, withdraw, transfer, pledge, borrow upon and surrender shares in such associations, without the consent or authorization of their husbands, and same shall be for the wife's or widow's separate benefit as paraphernal property, and, during the marriage as well as after the dissolution thereof, shall not form part of the marital community or of the estate of the husband for any purpose. In all cases in which, at the time of the enactment of the present statute any husband, heir, creditor, or other person or party in interest, or any building and loan association, claims or pretends or believes that the said husband, or his heirs, or creditors, or any other party or parties in interests, have any interest or ownership or claim whatsoever, adverse to the wife's or widow's interest in and to any building and loan association shares in the name of said wife and widow, suit to

have said ownership and interest declared and recognized must be instituted by such party or parties or association within a delay of ninety days from the date when the present statute shall go into effect, and, in the absence of such a suit, filed within said delay, the ownership of said wife or widow in and to said shares shall be and remain absolutely incontestable; and the present statutory period of prescription and repose shall run and operate against all persons whomsoever, including minors, interdicts, married women, and the State of Louisiana."

Appellants urge that the act is broader than its title and contains two objects in violation of Article 3, Section 16 of the Louisiana Constitution of 1921, which demands that: "Every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such object." In this connection they say:

"The title of the act does not state that it changes the existing laws as to separate and community property, but the act itself does change the laws as to separate and community property which existed at the time of the enactment of the said act. Had the title to the act been sufficiently broad to include that which is set forth in the act itself, then the act would be unconstitutional for the reason that it embraces more than one object."

This court on previous occasions has considered Act 140 of 1932 in the light of the quoted constitutional provision.

The defendant in Peoples Homestead & Savings Association v. Masling. 185 La. 800, 171 So. 36, 38, attacked Section 47

of that statute as being unconstitutional, taking the position that such section, which establishes the procedure under which his property was sequestered, contains provisions not covered by the act's title. In holding that "the title of the act was sufficient to cover the remedies provided in the body of the statute", we discussed former decisions of this court construing constitutional provisions similar to the one under consideration; and we approved and followed the established doctrine that it is not necessary for the title to be a complete index to every section of the statute, it being sufficient that the act contain only one object and that the object be fairly stated, although in general terms, in the title. Among the authorities cited as announcing that principle of law were Southern Hide Company, Inc., v. Best et al., 176 La. 347, 145 So. 682; Thornhill v. Wear, 131 La. 479, 59 So. 909; and State v. Hincy, 130 La. 620, 58 So. 411. Our conclusion in the case was that "the act only contained one object and the question of procedure was merely auxiliary and incidental to the main object."

Later there was before us the case of Carter v. Third District Homestead Association, 195 La. 555, 197 So. 230, 232. The contention was made therein that in the title of Act 120 of 1902, a statute relating to the organization and regulation of building and loan associations, no indication was given of an intention to effect a change in the community property laws; and that by reason of that omission, the statute, which provided for a change of that character, was unconstitutional. Answering that contention, the following was said by the court:

"* * * There was no indication, in the title of the act, of an intention to change the community laws, or to do anything else but to regulate building and loan associations and to define their rights and the rights of their members. We find it unnecessary, however, to decide now whether this clause in section 13 of the act of 1902 changed the community laws with regard to the relative rights of the husband and wife, or to decide whether such an interpretation of that section of the act would render it unconstitutional. The reason why it is not necessary now to consider the act of 1902 is that it was superseded by Act No. 140 of 1932, codifying the laws relating to building and loan associations and embracing the whole subject matter. There is a provision in the title of the act of 1932 that takes care of the supposed defect in the title of the act of 1902. * * *"

In State ex rel. Supervisor of Public Accounts v. Terrell, 181 La. 974, 160 So. 781, 782, the following pertinent pronouncement of this court is found:

"The constitutional requirement that a statute shall embrace only one object does not mean that each and every means necessary to accomplish an object in the law must be provided for by a separate act relating to it alone. A statute that deals with several branches of one subject does not thereby violate the constitutional provision. Lacoste v. Department of Conservation, 151 La. 909, 92 So. 381; Pires v. Youree, 170 La. 986, 129 So. 552."

■ Act 140 of 1932 purposes generally, but only, to provide for the operation of homestead and building and loan associations. Incidental and closely related to the carrying out of that one purpose or object are the provisions of Section 34 that deal with the rights of married women respecting shares of stock in such associations and to which reference is made in the act's title. Hence, the requirements of Section 16 of Article 3 of the Louisiana Constitution of 1921 are satisfied.

Plaintiffs in rule next claim that the act creates a special law in favor of those married women who have subscribed for and own stock in homestead and building and loan associations and it changes the law of descent and succession as regards a special class of property; and they argue that, therefore, it is violative of the following provisions of Article 4, Section 4 of the Louisiana Constitution of 1921, viz:

"The Legislature shall not pass any local or special law on the following specified subjects:

\*      \*      \*      \*      \*      \*

"Changing the law of descent or succession. \* \* \*"

■ We do not find that such a violation exists. Section 34 is general in scope and applies to all married women throughout the state who engage in transactions respecting shares of stock of building and loan and homestead associations. It is not restricted so as to affect only a selected few or a particular group of those persons.

Considered in the case of American Homestead Company v. Karstendiek, 111

La. 884, 35 So. 964, was a similar contention with reference to Act 115 of 1888, a statute pertaining to the operation of homestead associations. This court was of the opinion that the contention was without merit.

■ As Section 34 of Act 140 of 1932 is not unconstitutional, and considering that no suit was instituted within ninety days after the effective date of the act to have the stock in question decreed to be community property, it must be held that the shares belonged to the separate and paraphernal estate of Mrs. Evie Bruner Hayes.

No error is apparent in the judgment appealed from, and it is affirmed.

ODOM, J., takes no part.