PONDER, Justice.
 

 This is an appeal from a judgment dissolving a temporary restraining order and dismissing injunction proceedings which sought to stay an order of seizure and sale issued in an executory process.
 

 On October 2, 1925, Steve Horvath acquired lots 10 and 11 in Square 248, situated in the City of New Orleans, from the Standard Homestead Association by acts of sale and resale passed before a notary public. The resale transfer of the property from the Standard Homestead Association to Steve Horvath was for the consideration of $11,000, represented by a promissory note, payable on demand, bearing 8% interest per annum until paid. The note was secured by a vendor’s lien and privilege and mortgage on the property and the pledge of all the installments paid and to be paid, together with all dividends, present and future, on one hundred and ten shares of the capital stock of the association, standing in the purchaser’s name on the books of the association, and represented by Installment Book No. 5591, which was paraphed “Ne Varietur” and delivered to the purchaser, who acknowledged receipt and delivery of same, in trust, it being understood that the book would be delivered back to the association on demand.
 

 On December 12, 1925, the Klema Realty Company acquired the above property from Steve Horvath, assuming the mortgage and attendant obligations. The Mercedes Realty Company acquired this same property from Klema Realty Company on July 24, 1926, likewise assuming the mortgage and attendant obligations.
 

 
 *525
 
 On January 12, 1927, lots 10 and 11 having been subdivided into lots A, B, and C, the Standard Homestead Association released lot A from the mortgage for a consideration of $4,200 paid it by the Mercedes Realty Company. Lot C was also released from the mortgage on August 7, 1928, for a consideration of $3,500. The remaining lot, lot B, was foreclosed on by the plaintiff herein via executory process for the balance due on the mortgage note.
 

 The Mercedes Realty Company brought injunction proceedings, seeking to restrain the sale of the property, and obtained a temporary restraining order on its allegation that the note and mortgage had prescribed. Mike Caluda, Sr., the holder of a second mortgage on lot B, executed in his favor by the Mercedes Realty Company, intervened and joined the Mercedes Realty Company in the injunction proceedings.
 

 The plaintiff, Standard Homestead Association, moved to dismiss the temporary restraining order and the injunction proceedings. On trial, the district court gave judgment sustaining the motion and dismissed the injunction proceedings. The Mercedes Realty Company has appealed.
 

 The appellant contends that the note and mortgage involved herein have prescribed. It takes the position that since more than five years have elapsed from the time the last payment was made on the note, and more than ten years have elapsed from the date of the inscription of the mortgage, both of these instruments have prescribed.
 

 It is provided in sec. 9 of Act No. 280 of 1916: “That every loan on real estate shall be secured by vendor’s privilege and first mortgage upon real property situated in the parish where such association is domiciled or in adjoining parishes as hereafter set forth unincumbered, except by prior loans of such association, accompanied by a pledge to such association of the shares borrowed upon, and a declaration of such pledge in an authentic act shall create and constitute a full, valid and complete pledge; and the fact of such pledge shall be stamped on the face of the certificate of stock so pledged, whenever such certificate itself is not delivered to and held by such association, and such mortgage or vendor’s lien so recorded shall remain in full force and effect until the obligation is paid and extinguished without being reinscribed if the period of partial payments should extend beyond ten years from date of original inscription. * * *”
 

 There was no attack made on the pledge by the appellant in its petition for injunction in the trial court. The appellant conceded therein that it had assumed Horvath’s obligations to the plaintiff when the property was acquired. Under such circumstances, the pledge must be considered valid, and the appellant, having assumed Horvath’s obligations, is bound by the effects flowing from the pledge.
 

 Prescription does not run against a debt secured by a pledge as long as the creditor has possession of the pledge. Liberty Homestead v. Pasqua, 190 La. 25, 181 So. 801. Also see: Parlor City Lumber Co. v. Sandel, 189 La. 392, 179 So. 464; Waterman v. Dupeire, 180 La. 320,
 
 *527
 
 156 So. 405; Meyer Bros., Ltd., v. Colvin, 122 La. 153,
 
 47
 
 So. 447.
 

 There is no allegation that the plaintiff has ever parted with the possession of the pledged stock in the appellant’s petition for injunction. The appellant, in its petition for injunction, does not allege any informality, nor does it allege that the proper steps were not taken to confect the pledge.
 

 In the absence of any attack on the pledge, we could not be justified in saying that it was not properly executed. Moreover, the appellant is in no position to attack the pledge. At the time the appellant acquired the property and assumed Horvath’s obligations, the authentic act conveying the property to Horvath was of record. It contained the pact de non alienando. The purchaser of property with the pact de non alienando occupies no better position than the mortgagor. Gunby v. Armstrong, 5 Cir., 133 F. 417; Industrial Homestead Ass’n v. Schramm,
 
 181
 
 La. 475, 159 So. 721; Dunaway v. Local Bldg. & Loan Ass’n,
 
 182 Old. 323, 77
 
 P.2d 574.
 

 The appellant contends that there 'is no proof in the record that any stock was ever issued to or acquired by Steve Horvath or that Horvath ever delivered any. stock to the plaintiff as a pledge. The appellant did not attack the pledge in his petition for injunction. No purpose could be gained by reviewing the evidence for the reason that the appellant cannot receive the benefits flowing from the contractual obligations of Horvath, which it has assumed, and deny the liabilities flowing therefrom.
 

 Insofar as the articles of the code dealing with prescription and pledge are concerned, they are merely statutory laws. We do not know of any reason why the legislature could not amend or change these statutes
 
 so
 
 long as no constitutional inhibition is encroached upon. It could shorten or lengthen the prescriptive period or change the method of confecting a pledge. 34 Am.Jur,. verbo Limitation of Actions, § 27, p. 33, § 29, p. 35; State ex rel. Hills, Inc., v. Recorder of Mortgages, 186 La. 661, 173 So. 139; Barber Asphalt Paving Co. v. King, 130 La. 788, 58 So. 572.
 

 While it is not necessary in this case for us to consider whether the homestead act would have precedence over the coda! articles dealing with prescription and pledge, it is sufficient to say that our conclusions do not conflict with the interpretations of these articles by the jurisprudence of this State.
 

 The appellant contends that sec. 9 of Act No. 280 of 1916 grants special rights and privileges to homestead associations which are not accorded to other citizens of this State, particularly to those enumerated in the same category in sec. 683 of the Revised Statutes of 1870 and Act No. 151 of 1888. The position is taken that the equal rights and protection provisions of the state and federal constitutions are therefore violated.
 

 A statute which is applicable to all persons under like circumstances and does
 
 *529
 
 not subject any individual to an arbitrary exercise of power does not violate the due process or equal protection clauses of the state and federal constitutions. The homestead act is applicable to all persons who may choose to form such associations and to those who engage in such transactions with them. New York Rapid Transit Corp. v. City of New York, 303 U.S. 573, 58 S.Ct. 721, 82 L.Ed. 1024, rehearing denied 304 U.S. 588, 58 S.Ct. 939, 82 L.Ed. 1548; Skinner v. Oklahoma, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655; American Homestead Co. v. Karstendiek, 111 La. 884, 35 So. 964.
 

 The appellant is under the impression that since the homestead act does not accord all of the public utilities designated in sec. 683 of the Revised Statutes of 1870 the same privileges granted to homestead associations, the equal protection and due process clauses of the state and federal constitutions are violated.
 

 The various public utilities designated in these statutes require various and distinct regulations and the grant of rights peculiar to each public utility. As long as the privilege granted to a public utility operates equally and fairly to those who engage in like transactions, there is no denial of due process or equal protection. City of Shreveport v. Cunningham, 190 La. 481, 182 So. 649; New York Rapid Transit Corp. v. City of New York, supra; Bayside Fish Flour Co. v. Gentry, 297 U.S. 422, 56 S.Ct. 513, 80 L.Ed. 772; American Homestead Co. v. Karstendiek, supra.
 

 The appellant contends that sec. 9 of Act No; 280 of 1916 is violative of the state and federal constitutions in that it is a local or special law granting to homestead associations special or exclusive rights, privileges and immunities.
 

 The homestead act is not a local or special law but a general law. American Homestead Co. v. Karstendiek, supra; Ferguson v. Hayes’ Heirs, 202 La. 810, 13 So.2d 223. The act, which affects alike all persons pursuing the same business under the same conditions, is not such class legislation as prohibited by the constitutions of the United States and this State.
 

 For the reasons assigned, the judgment of the trial court is affirmed at appellant’s cost.
 

 O’NIELL, C. J., absent.