LUTHER E. HALL, Judge pro tern.
Plaintiff is the holder and owner of a vendor’s lien and mortgage note dated May 16, 1932 executed by Arthur N. James and payable on demand to the Liberty Homestead Association. The note was secured by a mortgage and vendor’s lien on certain real estate in Jefferson Parish and additionally by a pledge of fourteen shares of the stock of said association represented by certificate No. 3326 standing in the name of Arthur N. James.
Plaintiff acquired the note by purchase from the liquidator of the homestead on December 1, 1948 by an act before Harry P. Gamble, Notary Public, pursuant to court authorization. The pledged stock certificate was delivered into the plaintiff’s possession along with the note and plaintiff has had physical possession of the stock certificate continuously to the present time.
The maker of the note has paid nothing on account thereof since August 19, 1932.
On January 15, 1960 plaintiff brought executory proceedings against the defendant, Mrs. Leora Baker, surviving spouse in community of the then deceased Arthur N. James seeking to foreclose on the mortgaged real estate.
The defendant sought to enjoin the sale under executory process on the ground that the note had prescribed under Article 3540 of the Revised Civil Code (LSA-C.C. art. 3540).
From a judgment on the merits permanently enjoining plaintiff and the sheriff of Jefferson Parish from proceeding any further under the writ of executory process plaintiff prosecutes this appeal.
It is well settled that prescription does not run against a debt secured by a pledge, as long as the creditor has possession of the pledge. Liberty Homestead v. Pasqua, 190 La. 25, 181 So. 801; Standard Homestead Ass’n v. Horvath, 205 La. 520, 17 So.2d 811; Scott v. Corkern, 231 La. 368, 91 So.2d 569.
The lack of value of the thing pledged to secure a debt does not destroy the effectiveness of the pledge, and so long as the pledged article is held by the creditor the pledge is effective as a continuing acknowledgment of the debt and hence a constant renunciation of prescription. Succession of Picard, 238 La. 455, 115 So.2d 817; Scott v. Corkern, supra.
In view of these principles it would seem that since plaintiff has physical possession of the stock certificate prescription has never commenced to run on the debt represented by the note.
*502 However defendant apparently contends :
(a) that the transfer of the stock certificate from the homestead to plaintiff was a sale thereof and since such sale was made without appraisement the debt represented by the note was discharged and extinguished under the provisions of the Deficiency Judgment Act (LSA-R.S. 13:4106) and (b) the sale divested Arthur N. James of the ownership of the stock and vested the ownership in plaintiff, and since plaintiff acquired the stock as owner and not as pledgee prescription on the debt started running on December 1, 1948, the date of the sale.
There is no merit to either of defendant’s contentions either in fact or in law.
The sale by the liquidator was a sale by the homestead in liquidation of “all its right title and interest in and to the following described vendor’s lien notes (there being other notes included in the sale) and pledged collateral”.
The only “right title and interest” the homestead had in the stock certificate was the lien or privilege resulting from the pledge thereof to it by Arthur N. James. LSA-C.C. art. 3157. The homestead had no ownership to transfer. LSA-C.C. art. 3166. It did not attempt to sell the certificate in order to apply the proceeds towards reduction of the note. It sold the note and transferred its rights as pledgee of the stock — a common everyday occurrence.
“The sale or transfer of a credit includes every thing which is an accessory to the same; as a suretyship, privileges and mortgages”. LSA-C.C. art. 2645. See also LSA-C.C. art. 1771; Foster & Glassell Corporation v. Rachal, La.App., 191 So. 584.
It is clear that plaintiff acquired the homestead’s lien or privilege on the stock and not the ownership thereof, and since plaintiff holds physical possession of the certificate as pledgee in succession to the homestead prescription has never commenced to run on the note.
For the foregoing reasons the judgment appealed from is reversed and the case is remanded for further proceedings according, to law, defendant to pay all costs in both, courts.
Reversed and remanded.