COVINGTON, Judge.
This proceeding was filed in the district court to review the decision of the Department of Employment Security, affirmed by the Board of Review, which denied the plaintiffs, Frances Y. Holmes, Catherine Patterson, LaJoyce Hayes, Rosa Hollins, Eva B. Kleinpeter, Alice M. McClain, Garland E. Millet, Claude Minor, Sharon Sherman, Lyndia M. Williams and Gloria Wright, unemployment compensation benefits. The case is before this Court on appeal from an adverse judgment of the district court.
The finding of facts and the opinion of the defendant agency as to each claimant were stated in its decision as follows:
“FINDINGS OF FACT:
“The claimant has been employed at Southern University as a Teacher during the 1975-1976 academic year. Sometimes (sic), prior to the start of a new academic year a letter of reemployment is sent by the university; however, the individual is notified that their re-employment must be approved by the Board of Supervisors of Southern University. No formal notice is given until a contract is mailed to the claimant normally one week prior to the opening of school until possibly two weeks after the school semester has begun for the following academic year. The claimant was not notified that the services as Teacher at the University were not to be contracted for the 1976-1977 academic year.”
“OPINION:
“R.S. 23:1600(6) provides that an unemployed individual shall be eligible to receive benefits with respect to any week only if the Administrator finds that benefits based on service in employment, defined in R.S. 23:1472(12)(F)(I) and (II) shall be payable in the same amount, on the same terms and subject to the same conditions as benefits payable on the basis of other employment subject to this chapter; except that benefits based on service in instructional research or principal administrative capacity in an institution of higher education (as defined in R.S. 23:1472(23)), the Louisiana State School for the Blind, the Southern University System State School for the Blind, the Louisiana State School for the Deaf, or the Southern University System State School for the Deaf shall not be paid to an individual for any week of unemployment which begins during the period between two successive academic years, or during a period of paid sabbatical leave provided for in the individual’s contract, if the individual has a contract or contracts to perform services in any such capacity for any institution or institutions of higher education, or the Louisiana State School for the Blind, the Southern University System School for the Blind, the Louisiana State School for the Deaf, the Southern University System State School for the Deaf for both such academic years or both such terms.
“The intent of the law is that no individual who has, by written, verbal, implied, or through usual hiring practice, contracted to return to any school system is to be entitled to benefits under this section of the law. The normal hiring procedure of the employer meets the criteria of the above section of law. Therefore, the disqualification as assessed by the Agency was warranted.”
This Court had occasion to consider the claims of tenured university teachers in our recent decision of Swetman v. Joseph Gerace, Administrator of the Department of Employment Security, 349 So.2d 977, and we conclude that inasmuch as the tenured teachers had a contract of employment with the university for the next academic year, they were ineligible for unemployment benefits during the summer months (between school terms or semesters).
*739 We adhere to the Swetman decision. We find that the tenured university teachers in the instant case are ineligible for the unemployment benefits sought herein.
However, in the instant case, two of the claimants, Hayes and Minor, were not tenured. We must, therefore, ascertain if a legal distinction is made between tenured and non-tenured university teachers as far as employment contracts with the university are concerned.
The record reflects that the non-tenured, as well as the tenured, teachers had applied for and were expecting to return to their teaching positions in the fall term of 1976. Although none of the claimants had actually received a contract of employment, each was aware that a contract would be received prior to the beginning of the new academic year; and none of them had been advised that he was not to be rehired. “Contracts can be either express or implied, LSA-C.C. Art. 1780. Silence or inaction may in some instances show an assent that creates an obligation. LSA-C.C. Art. 1817.” Swetman v. Joseph Geraee, Administrator of the Department of Employment Security, supra.
We find that under these circumstances the non-tenured teachers also had a contract of employment for the new academic year. Both the non-tenured teachers and the school expected resumption of the employment relationship; and, legal liability would result from a refusal to perform, once the conditions, if any, were satisfied. We find the rationale of the Swetman case equally applicable to non-tenured as to tenured teachers; and, consequently, we find that the non-tenured teachers in the instant case are also ineligible for the unemployment benefits sought herein.
Moreover, we must keep in mind that: “Unemployment compensation is not paid primarily to reward the employee or to punish the employer, but rather to protect the stability of the state and the family,” by relieving the family distress and the menace to the public welfare occasioned through unemployment of the individual worker. LSA-R.S. 23:1471; Turner v. Brown, 134 So.2d 384 (La.App. 3 Cir. 1961).
Plainly and simply stated, teachers between academic terms or semesters are not unemployed. They are on vacation. It is unimaginable that a teacher between terms views himself or herself as out of a job; and, most assuredly the next-door neighbor or close friend does not feel that his neighbor-teacher or friend-teacher is counted among the unemployed-statistic. Indeed, the public policy of this state as manifested in the Louisiana Employment Security Law does not envision teachers between terms as unemployed. See LSA-R.S. 23:1471.
In addition, teachers between terms are not “available” for employment. The word “availability” has been described as entailing “a somewhat passive connotation,” in Smith v. Administrator, Division of Employment Security, 95 So.2d 349 (La.App. 2 Cir. 1957), where the court held that it was sufficient for the claimant to show “an active interest and effort in securing employment.” While university teachers, tenured or non-tenured, may be interested in employment in the summer school of the university some of the summers, it certainly can not be said they have “an active interest” in securing a job elsewhere, within the meaning of the Louisiana Employment Security Law.
For these reasons, the judgment of the district court is affirmed at appellants’ costs.
AFFIRMED.